CLD-092                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2853
_____

UNITED STATES OF AMERICA

v.

ROBERT EARL MARTIN,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Criminal No. 2:98-cr-00178-001)
District Judge: Honorable Mark A. Kearney
_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 24, 2022
Before: AMBRO, SHWARTZ and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 3, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Robert Martin appeals pro se from the District Court's denial of his motion for compassionate release. The Government has filed a motion for summary action. For the reasons that follow, we grant the Government's motion and will summarily affirm the District Court's judgment.

I.

In 1998, after a jury trial in the United States District Court for the Eastern District of Pennsylvania, Martin was convicted of armed bank robbery, see 18 U.S.C. § 2113, and using and carrying a firearm during a crime of violence, see 18 U.S.C. § 924(c). The District Court sentenced Martin to life in prison pursuant to the federal "three strikes" sentencing law, see 18 U.S.C. § 3559(c), which mandates a life sentence when a defendant's current offense and at least two prior offenses each qualifies as a "serious violent felony" as defined in § 3559(c)(2)(F). Martin's two predicate convictions were a 1988 federal conviction for armed bank robbery and a 1974 Pennsylvania state-court conviction for second-degree murder.

In July 2021, Martin filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).[1] He argued that the District Court should resentence and release him because he feared severe illness or death from COVID-19. He maintained that he was particularly vulnerable because of his age and medical history. He also

---

[1] The parties did not dispute that Martin exhausted his administrative remedies prior to filing this motion for compassionate release.

argued that his sentence is no longer valid, given recent legal developments. Finally, Martin contended that he had matured and rehabilitated himself in prison.

In September 2021, the District Court denied his motion. The District Court concluded that Martin had not established any extraordinary and compelling reason for release. Further, the District Court determined that the relevant sentencing factors weighed against his release. Martin timely appealed, and the Government has moved for summary affirmance.

## II.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See United States v. Pawlowski, 967 F.3d 327, 330 (3d Cir. 2020). We may summarily affirm a district court's decision if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

The compassionate-release provision states that a district court "may reduce the term of imprisonment" and "impose a term of probation or supervised release" if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Before granting compassionate release, a district court must consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A). Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant," id. § 3553(a)(1), as well as the need for

3

the sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," id. § 3553(a)(2)(A)-(C). Under the abuse of discretion standard, we will not disturb a district court's denial of compassionate release "unless there is a definite and firm conviction that [it] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." Pawlowski, 967 F.3d at 330 (alteration in original) (quoting Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000)).

We discern no abuse of discretion in the District Court's conclusion that the § 3553(a) factors weighed against granting Martin compassionate release.[2] The District Court noted that Martin had committed multiple violent crimes, all of which involved firearms, demonstrating his disregard for the safety of others. The District Court observed that Martin was not deterred from criminal acts after his first two significant periods of incarceration and did not reform himself, instead committing another serious, violent crime. The District Court did commend Martin on his educational efforts and clean disciplinary record in prison, as well as his expression of remorse. However, after weighing all of those factors, the District Court concluded that he remained too

---

[2]  Based on this conclusion, we need not decide whether Martin demonstrated "extraordinary and compelling reasons" for his release. See 18 U.S.C. § 3582(c)(1)(A)(i). We note the District Court's findings that Martin has been vaccinated against COVID-19, that 92% of people incarcerated at Martin's prison had been vaccinated, and that his prison had few active cases at the time.

4

dangerous to society to warrant release.[3]  The District Court also explained why Martin's sentence remained valid, as the changes in the law he cited did not apply to his sentence.

Martin argues that the District Court failed to consider his efforts at rehabilitation, but the District Court discussed those efforts in weighing the § 3553(a) factors.  Martin also contends that the District Court failed to consider his sentence length compared to how a defendant today would be sentenced under the changes implemented by the First Step Act of 2018.  However, as the District Court explained in further detail, the First Step Act did not make any changes to the three-strikes provision under which Martin was sentenced.[4]

Having carefully considered the record and Martin's arguments, we do not have "a definite and firm conviction that [the District Court] committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors."  See id.  Because this appeal does not present a substantial question, we grant the Government's motion for summary action, and we will summarily affirm the District Court's judgment.[5]

_____

[3]  In coming to this conclusion, the District Court referenced its earlier decision, made in July 2020, which denied a previous compassionate-release motion from Martin after discussing each § 3553(a) factor in detail.  Martin did not appeal from that July 2020 decision.

[4]  Martin has also made arguments challenging the length of his sentence based on United States v. Davis, 139 S. Ct. 2319 (2019).  We have already considered these arguments in declining to issue a certificate of appealability in Martin's recent appeal from the denial of relief pursuant to 28 U.S.C § 2255.  See C.A. No. 20-1907.

[5]  The Government's request to be excused from filing a brief is granted.  Martin's motion to stay this appeal pending the Supreme Court's disposition of three cases is denied.  In two of those cases, the Supreme Court has already denied certiorari.  See

Jarvis v. United States, 142 S. Ct. 760 (2022); Watford v. United States, 142 S. Ct. 760 (2022).  And the third case, see Concepcion v. United States, 142 S. Ct. 54 (2021) (granting certiorari), involves a compassionate-release issue that does not affect Martin.